IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DOUGLAS JUMPER, SR., et al.                                              PLAINTIFFS

V.                                             CIVIL ACTION NO.: 1:17-cv-00025-SA-DAS

CRIMSON FINANCIAL GROUP, LLC, et al.                                     DEFENDANTS

ORDER

This matter is presently before the Court on Defendant Hartford's Motion to Dismiss or Transfer [8], supported by Defendant Terri Lee Brown. Plaintiff responded and also requested remand to state Court [21].

*Factual and Procedural History*

This case concerns the right to death benefits of Gaylon Laboa under a term life insurance policy issued by Hartford Life & Annuity Insurance Company. Plaintiffs allege that Gaylon LaBoa defrauded them out of large sums of money, and that he used some of that ill-gotten money to pay the premiums on the Hartford policy. Plaintiffs allege that they are entitled to the death benefits to the exclusion of the minor beneficiary, G.L.L.

After receiving a letter from Plaintiffs' attorney claiming interest in the death benefits on behalf of undisclosed clients, Hartford filed a Complaint in Interpleader in the United States District Court for the Northern District of Georgia in an action titled *Hartford, et al. v. G.L.L., a minor, et al.*, Civil Action No. 1:17-CV-00131-WSD on January 12, 2017. Hartford named the Plaintiffs as "Does" in the Interpleader action due to their purported refusal to identify themselves.

One day later, Plaintiffs filed their Complaint for the Policy proceeds in the Chancery Court of Prentiss County, Mississippi. After Hartford was served with the State Court Complaint,

it amended its complaint in the Georgia case to add the named Plaintiffs. The Mississippi action was removed to this Court on February 15, 2017.

*Standard*

Under the first-to-file rule, when two cases that involve substantially similar issues are pending before two federal courts, the court where the second action was filed should defer to the first court for adjudication of the issues. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). It is not necessary for either the issues or the parties to be identical but only that there be "substantial overlap." *Save Power Ltd.*, 121 F.3d 947, 950 (5th Cir. 1997) (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). If such overlap exists, application of the rule should be precluded only by the presence of "compelling circumstances." *Mann Mfg.*, 439 F.2d at 407. The rule rests on principles of comity and sound judicial administration. *See Save Power*, 121 F.3d at 950; *West Gulf*, 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf*, 751 F.2d at 729.

*Discussion and Analysis*

While it is clear that the Georgia action and the Mississippi action involve substantially similar issues, and that the Georgia action was the first-filed action, the Plaintiffs move the Court to consider its subject matter jurisdiction before it reaches the Defendants' Motion to Transfer or Dismiss.

Although a challenge to a Court's jurisdiction is generally considered before a motion to transfer, "a federal court has leeway 'to choose among threshold grounds for denying audience to

a case on the merits,'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 167 L. Ed. 2d. 15 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)). This is because "jurisdiction is vital only if the court proposes to issue a judgment on the merits." *Sinochem*, 549 U.S. 422, 431, 127 S. Ct. 1184. (quoting *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)). In this case, the Court is not issuing a judgment on the merits but is merely deciding a question of venue. Furthermore, good reason exists for deferring ruling on the issue of subject matter jurisdiction: the record is incomplete with respect to the question of diversity and personal jurisdiction, and analysis of these issues may require the Court to improperly examine the merits of both parties' claims. *See, e.g.*, *Hamrick v. Feldman*, No. 4:12-CV-2139, 2013 WL 12098757, at *2 (S.D. Tex. Jan. 15, 2013).

Plaintiffs insist that this Court lacks subject matter jurisdiction because DJF, LLC and GJJJ, LLC, companies formed by Gaylon LaBoa, are Mississippi residents, as some of their members are Mississippi residents. Defendants counter that the LLC Defendants have been administratively dissolved. Additionally, the resident members of the Defendant LLCs are also named Plaintiffs in the action. Therefore, Defendants allege that the LLC Defendants were improperly joined merely to defeat diversity in this suit. Furthermore, none of the LLC Defendants have answered Plaintiffs' Complaint or otherwise appeared in this action or in the state court action, and there is dispute over whether they were properly served. This question has led the Plaintiffs to dispute whether the LLC Defendants timely joined in the petition for removal. Finally, there is some question as to whether Plaintiffs properly served Defendant Brown. The ultimate determination of these questions will affect the law of the case, as these issues are intertwined with the merits of Plaintiff's allegations. Moreover, under the first-to-file

3

rule, it is not proper for this Court to conduct such an analysis but rather to defer to the Northern District of Georgia.

*Conclusion*

The general rule in the Fifth Circuit is that, absent compelling circumstances, "where duplicative issues and parties exist in two cases the court with the first case should resolve the issues between the parties and the second court should defer." *Save Power*, 121 F.3d at 950. Such is the situation here, as no compelling circumstances exist to justify deviating from this rule. Therefore, this Court defers to the first-filed court for resolution of the issues. Accordingly, Defendant's Motion to Dismiss or Transfer is GRANTED. This matter is hereby transferred to the Northern District of Georgia.

SO ORDERED this the 20th day of September, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE